# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (Bid Protest)

|  |  |
|---|---|
| MVL USA, INC., *et. al.*, <br><br>       *Plaintiffs,* <br><br> v. <br><br><br> THE UNITED STATES, <br><br>       *Defendant.* | Case Nos. 1:24-cv-01057; 1:24-cv-1077; <br>       1:24-cv-1144; 1:24-cv-1219; <br>       1:24-cv-1398; 1:24-cv-1433; <br>       1:24-cv-1461 <br><br> Judge Ryan T. Holte |

## PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF

Based on concerns about the Government's proposed plan for at least one of the solicitations as set forth in its February 10, 2025 Joint Status Report, Plaintiffs MVL USA, Inc. ("MVL"), Environmental Chemical Corporation ("ECC"), JCCBG2 J.V. ("JCCBG2"), and Harper Construction Company, Inc. ("Harper") (collectively "Plaintiffs") respectfully file this Motion for Permanent Injunctive Relief seeking a permanent injunction rescinding President Biden's Executive Order 14063, FAR Subpart 22.5, and FAR Clauses 52.222-33 and -34 (collectively, the "PLA Requirements").[1]

Plaintiffs have observed widespread confusion within the Government with respect to the Government's interpretation of this Court's January 19, 2025 Opinion

---

[1] Counsel for consolidated plaintiff Hensel Phelps Construction Company ("HPCC") has advised that HPCC agrees with consolidated plaintiffs MVL, ECC, JCCBG2, and Harper with respect to the request for a permanent injunction as set forth herein.

and Order and Plaintiffs believe that this Court has the authority to issue permanent injunctive relief that will bring consistency and compliance with the Court's Decision and avoid a never-ending loop of solicitations containing illegal PLA requirements and a bid protest game of Whack-a-mole to stop the continued illegal solicitation requirements. In support, Plaintiffs state as follows:

I. **The Tucker Act Expressly Authorizes the Court to Award Any Relief for Alleged Violations of Law in Connection with Federal Procurements.**

Through the Tucker Act's bid protest jurisdiction, Congress granted this Court authority to issue a judgment for "any alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1). Congress further provided this Court jurisdiction to award "any relief that the court considers proper," *including injunctive relief*. 28 U.S.C. § 1491(b)(2).

II. **Congress Has Spoken—This Court is the Only Forum Able to Provide Plaintiffs with Bid Protest Relief.**

This Court formerly exercised concurrent jurisdiction with United States district courts over bid protest actions brought under the Tucker Act. *PGBA, LLC v. United States*, 3389 F.3d 1219, 1227 (Fed. Cir. 2004). This concurrent jurisdiction was premised largely on the D.C. Circuit Court's interpretation of the Administrative Procedures Act ("APA") in a 1970 decision styled *Scanwell Laboratories, Inc. v. Shaffer*, which later became known as "*Scanwell* jurisdiction." 424 F.2d 859 (D.C. Cir. 1970); *see Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1078-79 (Fed. Cir. 2001).

After *Scanwell* was decided, Congress developed concerns over forum shopping and the general uniformity of procurement decisions rendered by federal district courts, and in response to those concerns, it enacted the Administrative Dispute Resolution Act of 1996 ("ADRA"). *Emery*, 264 F.3d at 1079. Seeking to channel federal procurement cases through this Court, the ADRA included a sunset provision that divested district courts of bid protest jurisdiction on January 1, 2001, "unless extended by Congress." *Id.*; Pub. L. No. 104-320, § 12(d) (Oct. 19, 1996). Congress never extended or modified the sunset provision, so district courts no longer possess jurisdiction over federal procurement cases. *IAP Worldwide Servs., Inc. v. United States*, 160 Fed. Cl. 57, 67 (2022). Instead, this Court exercises exclusive jurisdiction over such actions. *PGBA, LLC*, 389 F.3d at 1227.

This Court is the only tribunal which may "render judgment on an action by an interested party objecting to … any alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1); Pub. L. No. 104-320, § 12(d) (providing for divesture of district court jurisdiction under 28 U.S.C. 1491(b)(1) as of January 1, 2001); *PGBA, LLC*, 389 F.3d at 1227. It is thus within this Court's exclusive jurisdiction to render judgment on Plaintiffs' claims alleging violations of the Competition in Contracting Act ("CICA") in connection with each of the procurements containing the PLA Requirements. *See generally* D.E. 96.

**III.** **The Reasoning in *Boeing v. U.S.* Should be Extended to Bid Protest Jurisdiction in this Court.**

The Federal Circuit Court of Appeals' decision in *Boeing Co. v. United States* provides important context for the Court to consider in its decision to grant relief to the consolidated Plaintiffs in this litigation. *See* D.E. 96 at 41-42; 119 F.4th 17 (Fed. Cir. 2024). *Boeing* involved a dispute over the standards for certain price adjustments available to federal contractors. *Boeing*, 119 F.4th at 19-20. *Boeing* was not a bid protest case; Boeing filed claims with a contracting officer, which later evolved into claims before this Court under the Contract Disputes Act pursuant to the jurisdiction specified in 28 U.S.C. § 1491(a). *Id.* at 20, 23-24; *compare* 28 U.S.C. § 1491(a)(2) and 41 U.S.C. §§ 7103, 7104(b) (addressing claims submitted to a contracting officer and authorizing contractors to bring an action in this Court *de novo* following a contracting officer's final decision) *with* 28 U.S.C. § 1491(b) (addressing bid protests brought directly to this Court). The Government successfully moved for summary judgment against Boeing's claims in the trial court. *Boeing*, 119 F.4th at 22. The court reasoned that "the gravamen of Boeing's complaint is a challenge to the validity of FAR 30.606," and determined that it lacked jurisdiction to review the validity of regulations as a result of the APA.[2] *Id.* (quotations omitted).

On appeal, Boeing argued that, with respect to this Court's jurisdictional powers, it was irrelevant whether Boeing's contract claims involved the validity and

---

[2] The trial court likewise disposed of Boeing's illegal exaction claims, a decision which was overturned on appeal, but which is less germane to the present issues before the Court.

application of a regulation. *Id.* at 23. The Federal Circuit agreed. *Id.* The Federal

Circuit reasoned that just because the contract dispute and money damages stemmed

from the validity of a regulation, that didn't make the dispute any less of a contract

dispute: "[t]here [could be] no question that the parties' disagreement … is a contract

dispute to be appropriately resolved by the Court of Federal Claims pursuant to its

jurisdiction under the CDA and § 1491(a)(2) of the Tucker Act." *Id.* at 23-24. To avoid

any ambiguity, the Federal Circuit reiterated that it "is of no consequence to the

question of jurisdiction" that a contractor's complaint seeks to invalidate a regulation.

*Id.* (citing *Tex. Health Choice, L.C. v. Off. Of Pers. Mgmt.*, 400 F.3d 895, 898-900 (Fed.

Cir. 2005)). Put succinctly:

> "[R]esolution of this contract dispute—*i.e.*, whether under the contract,
> the government is entitled to recover costs calculated pursuant to FAR
> 30.606—is inextricably intertwined with the validity of the regulation.
> As such, we conclude that the Court of Federal Claims has jurisdiction
> under the CDA to resolve this contract dispute and the validity of the
> underlying regulation."

> *Id.* at 24.

While this Court lacks jurisdiction to hear challenges to the validity of

regulations when those challenges do not involve contract-related claims, when such

challenges **do** involve contract-related claims, this Court possesses ***exclusive***

jurisdiction:

> Unlike non-contract cases, there is no other alternative such as the
> district courts [for claims subject to the CDA]. The purpose of
> centralizing the resolution of government contract disputes in the Court

of Federal Claims, rather than in district court, is to ensure national uniformity in government contract law."[3]

*Id.* (citing *Tex. Health*, 400 F.3d at 899) (quotations omitted).

The Federal Circuit's rationale in *Boeing* regarding this Court's ability to review the validity of regulations in contract disputes should be extended to bid protest disputes brought under 28 U.S.C. § 1491(b).[4] First, this Court possesses exclusive jurisdiction to hear federal bid protest cases. 28 U.S.C. § 1491(b)(1); Pub. L. No. 104-320, § 12(d); *PGBA, LLC*, 389 F.3d at 1227. Contractors lack an alternative forum, such as district courts, to obtain enforceable bid protest relief.[5] *PGBA, LLC* 389 F.3d at 1227; *see Boeing*, 119 F.4th at 25. Second, resolution of Plaintiffs' claims—*i.e.*, whether the PLA Requirements violate CICA as an unlawful restraint on competition—is inextricably intertwined with the validity of the PLA Requirements themselves.[6] *See id.*

---

[3] This is precisely the reason why Congress enacted the ADRA and included the sunset provision addressing district court jurisdiction over procurement cases. *See Emery*, 264 F.3d at 1079-80 (citing a statement from Senator Steve Cohen describing the "intended impact on jurisdiction.").

[4] Nothing in the Federal Circuit's *Boeing* decision suggested that its rationale should not apply to bid protest cases. Rather, *Boeing* stated that "when the action is a contract case—and more importantly, a contract case that is subject to the CDA…," thereby suggesting that the term "contract case" encompasses a broad category of disputes such as bid protests brought directly to this Court in addition to contract cases that are subject to the CDA. *See Boeing*, 119 F.4th at 24-25.

[5] The Government Accountability Office ("GAO") and procuring agencies are administrative tribunals that may receive bid protests, but their decisions are advisory only—only this Court has been granted by Congress the authority to issue injunctive relief in connection with a bid protest.

[6] The Court has already held that the PLA Requirements "have no substantive performance relation to the substance of the solicitations at issue and violate CICA's requirement that procuring agencies obtain full and open competition through the use of *competitive* procedures." D.E. 96 at 37 (emphasis in original, citations and quotations omitted).

Applying the Federal Circuit's reasoning to the PLA Requirements, this Court possesses the authority to find: (1) that, consistent with settled precedent and explicit Congressional action, contractors must obtain bid protest relief from this Court; (2) that a bid protest premised on the validity of a regulation as applied to a federal procurement consequently falls within this Court's exclusive jurisdiction; (3) that Congress allowed *Scanwell* jurisdiction to expire, and thus endorsed this Court's exclusive jurisdiction to decide federal procurement cases; and (4) that resolution of these ***bid protests***—*i.e.*, whether under these solicitations the Government is entitled to restrict competition to contractors who enter PLAs—is inextricably intertwined with the ***validity of the PLA Requirements themselves***.[7] As such, the Court of Federal Claims has exclusive jurisdiction to resolve these bid protests and ***determine the validity of the PLA Requirements***.

IV.     **Plaintiffs Have Achieved Success on the Merits and Are Entitled to Permanent Injunctive Relief.**

To determine entitlement to injunctive relief, this Court considers (1) whether a plaintiff has succeeded on the merits of its case; (2) whether a plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief. *PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed Cir. 2004).

---

[7] *See* note 6, *supra*.

Executive Order 14063 directs procuring agencies to enact regulations and issue a final rule implementing the PLA Requirements, but only "to the extent permitted by law." *See* E.O. 14063, Sec. 8. The FAR Council carried out this directive and promulgated FAR Subpart 22.5 and FAR Clauses 52.222-33 and -34. These regulations form the basis of the Plaintiffs' protests in this Court. Plaintiffs have already succeeded on the merits, as the Court has ruled that the PLA Requirements violate CICA's requirement for the Government to obtain full and open competition. D.E. 96 at 37. In other words, the Court exercised its exclusive jurisdictional powers to determine that Executive Order 14063, FAR Subpart 22.5, and FAR Clauses 52.222-33 and -34 are not permitted by law because they violate CICA. The E.O.'s directive for agencies to implement the PLA Requirements through regulations "to the extent permitted by law" in fact prohibits the Government from being able to implement the PLA Requirements.

Absent permanent injunctive relief, Plaintiffs will suffer irreparable harm if the Government continues to mandate through the FAR that procurement agencies include the unlawful PLA Requirements in all large-scale construction solicitations on which Plaintiffs may bid in the future. An injunction limited only to the solicitations involved in this litigation would not fully redress Plaintiffs' harm. The Government faces no hardship because (in the demonstrably limited number of procurements for which a PLA would economically benefit a large-scale construction project), the Government may use lawful alternatives to restrict competition. *See* 41 U.S.C. § 3304. Finally, it is in the public interest to maintain public confidence in the

procurement process.  *See G4S Secure Integration LLC v. United States*, 161 Fed. Cl. 387, 418-20 (2022).  Here, that requires broadly enjoining the Government from requiring procuring agencies to include the PLA Requirements in large-scale construction procurements.

Plaintiffs accordingly request the Court to issue a permanent injunction ordering the Government to rescind Executive Order 14063, FAR Subpart 22.5, and FAR Clauses 52.222-33 and -34, and take other action as this Court finds appropriate to implement its January 19, 2025 Opinion and Order.

Respectfully submitted on February 10, 2025.

/s/     *Dirk D. Haire*
**FOX ROTHSCHILD LLP**
Dirk D. Haire
Joseph L. Cohen
Payum Sean Milani-nia
David Timm
Jane Jung Hyoun Han
Michael J. Brewer
2020 K Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 461-3114
Fax: (202) 461-3102
dhaire@foxrothschild.com

*Attorneys for MVL USA, Inc.,*
*Environmental Chemical*
*Corporation, JCCBG2, and*
*Harper Construction Co., Inc.*